Reza Sina  (SBN 250428)
**SINA LAW GROUP**
801 S. Figueroa Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 417-3661
Facsimile:  (877) 341-5578
reza@sinalawgroup.com

Attorneys for Defendant American Export Lines, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOSMA VENTURES, INC., a Delaware Corporation,<br><br>     Plaintiff,<br><br>     vs.<br><br>MOJDEH AMINI AEL, an individual and dba PARSMED TRADING; HOSSEIN GIVI, an individual and dba PARSMED TRADING; DOES 1-10,<br><br>     Defendants. | **CASE NO. CV12-01404-RSWL(FFMx)**<br><br>**ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.** |

1  | Defendant American Export Lines, Inc. ("AEL" or "Defendant") hereby
2  | submits, for itself alone and no other party, its answer, to the Complaint
3  | ("Complaint") of Plaintiff Zosma Ventures, Inc. ("Plaintiff" or "Zosma"):

**JURISDICTION AND VENUE**

4  | 1.      AEL admits that this purports to be an action for trademark
5  | infringement, trademark counterfeiting, trademark dilution, unfair competition and
6  | false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§
7  | 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law
8  | 98-473 (the "Lanham Act"), and for trademark and trade name infringement, unfair
9  | competition, and dilution under the laws of the State of California.

10 | 2.      AEL denies the allegations in paragraph 2.

11 | 3.      AEL lacks knowledge or information sufficient to form a belief
   | regarding the truth of the allegations in paragraph 3, and therefore denies those
   | allegations.

   | 4.      AEL denies the allegations in paragraph 4.

**PARTIES**

   | 5.      AEL lacks knowledge or information sufficient to form a belief
   | regarding the truth of the allegations in paragraph 5 and therefore denies those
   | allegations.

   | 6.      AEL lacks knowledge or information sufficient to form a belief
   | regarding the truth of the allegations in paragraph 6 and therefore denies those
   | allegations.

   | 7.      AEL denies the allegations in paragraph 7.

   | 8.      AEL lacks knowledge or information sufficient to form a belief
   | regarding the truth of the allegations in paragraph 8 and therefore denies those
   | allegations.

ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.

**BACKGROUND**

**A.   ZOSMA'S INTELLECTUAL PROPERTY AND PRODUCTS**

9.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.    AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 16 and therefore denies those allegations.

ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.

17.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 20 and therefore denies those allegations.

**B.      DEFENDANTS' TROJAN HORSE COUNTERFEIT SCHEME**

21.     AEL denies the allegations in paragraph 21.

22.     AEL denies the allegations in paragraph 22.

23.     AEL denies the allegations in paragraph 23.

24.     AEL denies the allegations in paragraph 24.

25.     AEL denies the allegations in paragraph 25.

26.     AEL denies the allegations in paragraph 26.

27.     AEL denies the allegations in paragraph 27.

28.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     AEL denies the allegations in paragraph 29.

30.     AEL lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.   AEL denies the allegations in paragraph 31.

32.   AEL denies the allegations in paragraph 32.

33.   AEL denies the allegations in paragraph 33.

**COUNT ONE**

**(Federal Trademark Counterfeiting and Infringement)**

**(15 U.S.C. §1114)**

34.   There is nothing to admit or deny in paragraph 34.

35.   AEL denies the allegations in paragraph 35.

36.   AEL denies the allegations in paragraph 36.

37.   AEL denies the allegations in paragraph 37.

38.   AEL denies the allegations in paragraph 38.

**COUNT TWO**

**(Unfair Competition and False Designation of Origin)**

**(15 U.S.C. § 1125(a))**

39.   There is nothing to admit or deny in paragraph 39.

40.   AEL denies the allegations in paragraph 40.

41.   AEL denies the allegations in paragraph 41.

42.   AEL denies the allegations in paragraph 42.

43.   AEL denies the allegations in paragraph 43.

44.   AEL denies the allegations in paragraph 44.

45.   AEL denies the allegations in paragraph 45.

**COUNT THREE**

**(Federal Trademark Dilution)**

**(15 U.S.C. § 1125(c))**

46.   There is nothing to admit or deny in paragraph 46.

47.   AEL denies the allegations in paragraph 47.

48.   AEL denies the allegations in paragraph 48.

ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.

49.   AEL denies the allegations in paragraph 49.

50.   AEL denies the allegations in paragraph 50.

51.   AEL denies the allegations in paragraph 51.

52.   AEL denies the allegations in paragraph 52.

**COUNT FOUR**

**(Common Law Trademark and Trade Name Infringement)**

53.   There is nothing to admit or deny in paragraph 53.

54.   AEL denies the allegations in paragraph 54.

55.   AEL denies the allegations in paragraph 55.

56.   AEL denies the allegations in paragraph 56.

57.   AEL denies the allegations in paragraph 57.

58.   AEL denies the allegations in paragraph 58.

**COUNT FIVE**

**(California Trademark Dilution)**

**(California Business and Professions Code § 14335)**

59.   There is nothing to admit or deny in paragraph 59.

60.   AEL denies the allegations in paragraph 60.

61.   AEL denies the allegations in paragraph 61.

**COUNT SIX**

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 et seq.)**

62.   There is nothing to admit in paragraph 62.

63.   AEL denies the allegations in paragraph 63.

64.   AEL denies the allegations in paragraph 64.

65.   AEL denies the allegations in paragraph 65.

66.   AEL denies the allegations in paragraph 66.

67.   AEL denies the allegations in paragraph 67.

ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.

1      68.    AEL denies the allegations in paragraph 68.

2      69.    AEL denies the allegations in paragraph 69.

3

4      AEL raises the following affirmative defenses in connection with her Answer:

5                    **FIRST AFFIRMATIVE DEFENSE**

6                 **(Failure to State a Cause of Action)**

7      70.    The Complaint fails to state facts sufficient to constitute a cause of

8    action upon which relief can be granted against AEL. The Complaint also seeks

9    relief against AEL that is not properly recoverable by Plaintiff, and Plaintiff is

10   therefore barred from any recovery against AEL.

11                  **SECOND AFFIRMATIVE DEFENSE**

12          **(Plaintiff's Fraud and/or Misrepresentation)**

13      71.    Plaintiff's claims are barred by Plaintiffs' own fraud and/or negligent

14   misrepresentations.

15                   **THIRD AFFIRMATIVE DEFENSE**

16                        **(Unclean Hands)**

17      72.    Plaintiff, through its conduct, acts, and omissions, is barred by the

18   doctrine of unclean hands from recovering any damages or other relief herein against

19   AEL.

20                 **FOURTH AFFIRMATIVE DEFENSE**

21                          **(Estoppel)**

22      73.    Plaintiff, through its conduct, acts, and omissions, is estopped from

23   asserting or recovering under any of their causes of actions alleged against AEL in

24   the Complaint because of its own conduct with respect to the trademarks at issue in

25   this action. AEL alleges that Plaintiff knew or should have known of the damages

26   claimed in their Complaint but failed to take any corrective measures and failed to

27   notify any other party of the need for such corrective measures, thereby estopping

28

ANSWER OF DEFENDANT AMERICAN EXPORT LINES, INC.

Plaintiff from claiming damages as a result of these purported conditions, defect, or otherwise, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

74.     Plaintiff, through its conduct, acts, and omissions, has waived its causes of action and any recovery against AEL alleged in their Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

75.     Plaintiff's claims alleged in its Complaint against AEL are barred or diminished by the doctrines of laches and acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

76.     The practices put in issue by the Complaint are not unlawful in that AEL has complied with all laws alleged in the Complaint to have been violated.

## EIGHTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

77.     If Plaintiff suffered any damage, which is denied, then any such damage was proximately caused by the intervening and superseding actions of others, which bar Plaintiff's recovery, if any, against AEL.

## NINTH AFFIRMATIVE DEFENSE

### (Independent Causes)

78.     The alleged injuries, damages, or loss, if any, for which Plaintiff seek recovery were the result of causes independent of any purported acts or omissions on the part of AEL, or any of their agents, representatives, or employees, thereby eliminating or reducing the alleged liability of AEL.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Jurisdiction)**

79.     Plaintiff's claims are barred and no recovery is permissible under the extraterritorial jurisdiction doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

80.     Some or all of Plaintiff's claims are barred by consent, permission or acquiescence.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Non-Joinder of Parties)**

81.     Plaintiff has failed to join all necessary parties for a just adjudication.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Merely Descriptive)**

82.     Plaintiff's mark is merely descriptive and, thus, not entitled to protection because it has not acquired secondary meaning to relevant prospective purchasers. That is, it is not arbitrary, fanciful or suggestive, but rather merely descriptive.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Inherent Distinctiveness)**

83.     Plaintiff's alleged mark(s) is/are not inherently distinctive and, thus, not entitled to protection. That is, Plaintiff's alleged mark(s) has/have not acquired distinctiveness with the relevant prospective purchasers.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Secondary Meaning)**

84.     Plaintiff's alleged mark(s) lack(s) secondary meaning and, thus, is/are not entitled to protection.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Absence of Famousness)

85.     In order to be entitled to protection under the trademark dilution statute, 15 U.S.C. § 1125(c), Plaintiff's alleged mark(s) must be famous. Plaintiff's mark is not famous and, thus, is not entitled to protection under the trademark dilution statutes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Absence of Likelihood of Confusion)

86.     In order to be entitled to protection, there must be a likelihood of confusion by the relevant purchasing public with regard to the parties use of the mark(s). In the case at bar, there is no likelihood of confusion with regard to the parties use of the mark(s) because, among other things, Plaintiff, a Delaware corporation, has never done business in Iran.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

87.     Plaintiff has abandoned the mark(s), including but not limited to, non-use with intent not to resume, allowing the mark to become generic, and uncontrolled licensing. To wit, Plaintiff has never used the mark in Iran. Any and all uses of the mark(s) in issue in Iran have been by and through co-defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Prior Use)

88.     Co-defendants adopted and first used the mark innocently before Plaintiff registered it, and co-defendants have used the mark continuously in Iran ever since. To wit, co-defendants adopted the use of the mark "FS" in Iran prior to Plaintiff, and have used it continuously ever since.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

89.    AEL did not know of Plaintiff's trademarks and any was not aware of any alleged infringement of Plaintiffs' trademarks.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses)

90.    AEL hereby reserves its right to seek leave to amend this Answer to set forth additional defenses based on its ongoing investigation and discovery into the matters alleged in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, AEL prays that this Court enter judgment in its favor and against the Plaintiff as follows:

1.    The Plaintiff is awarded damages, whether statutory or otherwise;

2.    The Plaintiff is awarded no permanent injunction;

3.    No other relief against AEL is awarded;

4.    The Plaintiff is not awarded the costs and reasonable attorneys' fees of bringing the Complaint or any other additional relief;

5.    That AEL is awarded its costs and reasonable attorneys' fees; and

6.    The Complaint against AEL is dismissed with prejudice.

## DEMAND FOR JURY TRIAL

AEL demands a trial by jury in this action.

Dated:   August 20, 2012        **SINA LAW GROUP**


By:____/s/  Reza Sina_____
Reza Sina
Attorneys for Defendant American Export Lines, Inc.

- 11 -