Reza Sina  (SBN 250428)
**SINA LAW GROUP**
801 S. Figueroa Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 417-3661
Facsimile:  (877) 341-5578
reza@sinalawgroup.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOSMA VENTURES, INC., a Delaware Corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>MOJDEH AMINI NAZARI, an individual and dba PARSMED TRADING; HOSSEIN GIVI, an individual and dba PARSMED TRADING; DOES 1-10,<br><br>             Defendants. | **CASE NO. CV12-01404-RSWL(FFMx)**<br><br>Hon.   Ronald S.W. Lew<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>**Hearing:**<br>**Date:  September 10, 2013**<br>**Time: 10:00 a.m.** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2013, at 10:00 a.m., or as soon thereafter as the Motion may be heard, in Courtroom 21 of the United States District Court, Central District of California, Defendants Viva Pharmaceuticals, Inc. ("Viva") and American Export Lines, Inc. ("AEL") (collectively, "Defendants") will and hereby do move this Court for an award of $121,266 in attorneys' fees.

This motion is made, and is based upon: this notice, the declarations, the accompanying memorandum of points and authorities, the papers, records, and pleadings on file, any matters upon which judicial notice may properly be taken, and such argument and evidence as may be presented at the time of the hearing.

This motion is made following the numerous conferences of counsel, pursuant to Local Rule 7-3, which took place most recently on July 31, 2013.

Dated:   August 8, 2013                    SINA LAW GROUP


                                           By:   /s/ Reza Sina
                                                 Reza Sina
                                                 Attorneys for Defendants

## I. INTRODUCTION

As the prevailing parties in this case, Viva and AEL should be awarded their attorneys fees. The amount requested is $121,266, which is 2/3 of the total attorneys fees incurred by all three defendants ($181,900).

Viva and AEL are the prevailing parties. As the Court recalls, this case should have settled. The reason it did not is because Plaintiff always maintained a $2 million demand. On the eve of trial, Plaintiff "drastically" reduced that demand to $1.2 million. Plaintiff would never drop its demand below seven figures, which is why this case never settled. This fact is significant in considering that Plaintiff did not recover anything against Viva and AEL. The prevailing parties in this case are Viva and AEL.

This case should be deemed exceptional as against Viva and AEL because Plaintiff acted in bad faith. The case, as explained below, should have never been brought against Viva and AEL. Not a single piece of evidence was put on to show knowledge of any infringing activity by Viva and AEL. The Court even commented at one point that these "peripheral defendants" don't necessarily belong in this case.

The fees are reasonable. Plaintiff's counsel was involved in this case from the outset and incurred 428 hours at a blended rate of $425 per hour. The fees requested are two-thirds of the total amount incurred ($181,900), which is appropriate since only two of the three defendants are making a claim for fees.

Accordingly, the request for fees should be granted.

## II. LEGAL STANDARD

In a Lanham Act lawsuit, "[tJhe court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A Lanham Act case is "exceptional" where the court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully. *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). The district court must specifically state the

1 reasons for its decision to award attorney fees. *Watec Co. v. Liu*, 403 F.3d 645, 656-
2 57 (9th Cir. 2005) (quoting *Mattel, Inc. v. Walking Mountain Products*, 353 F.3d
3 792, 815 (9th Cir. 2003)).

### III. THE CASE AGAINST VIVA AND AEL WAS BROUGHT IN BAD FAITH

The case against Viva and AEL was brought in bad faith. Plaintiff lost against the deep pocket defendants, Viva and AEL, whom it was desperately attempting to prevail against. In the proper context, Plaintiff prevailed against one defendant and lost against the other two, more important defendants.

Indeed, as the Court may recall at the pretrial conference, Mr. Sina informed the Court that he may have a conflict because of what transpired at Edalat's deposition less than one week before the conference. During a break at that deposition, Edalat once again offered to settle with Ms. Nazari if she were to turn on Viva and AEL. This was the same tune that was sung at mediation, where in response to Mr. Sina's inquiry as to why Viva has not been dismissed, Plaintiff said: "Viva is worth $100 million; it gave $3 million away to charities alone in the last 3 months."[1] (Sina Decl., ¶ 2.)

Plaintiff knew that Ms. Nazari is virtually judgment proof and that Viva and AEL were the deep pockets. Plaintiff also knew that it did not have a case against those Defendants. Despite Defendants' protests that Viva and AEL were peripheral Defendants that should be dismissed, Plaintiff marched on with its case against Viva and AEL. Yet, Plaintiff did not conduct any discovery against Viva and AEL.

---

[1] As the Court is aware, FRE 408 only excludes negotiations and offers to compromise from evidence if they are used to prove liability or the validity or amount of a claim. Rule 408 does not require the exclusion of any evidence simply because it is presented in the course of settlement discussions, and is specifically admissible in connection with a motion for fees.

Plaintiff did not even take their depositions. Plaintiff did not present any evidence of knowledge on the part of Viva and AEL of the alleged infringing activity. This is especially important when bearing in mind that Edalat is a professional litigant. Plaintiff's entire tactic was to extort a quick settlement from them, as is readily shown by Plaintiff's conduct towards AEL. (Sina Decl., ¶ 3.)

On March 15, 2012, Plaintiff contacted an older gentleman named Jalal Boloorchi from American Export Lines, in response to a call from Mr. Boloorchi. Mr. Boloorchi was extremely distressed that his company's bank accounts were frozen, causing AEL substantial problems with no less than 50 customers/vendors. Plaintiff told him that it would unfreeze AEL's accounts if and only if he (1) accepted service of the summons and complaint and (2) provided Plaintiff with information regarding Ms. Nazari. Worse, Plaintiff did not inform Mr. Boloorchi that the asset freeze previously issued in this case had, in fact, been vacated and that Mr. Boloorchi was under no obligation to provide Plaintiff with information and to accept service in exchange to having AEL's assets unfrozen. (Sina Decl., ¶ 4, Ex A.)

Further, as the Court recalls, this case should have settled. The reason it did not is because Plaintiff always maintained a $2 million demand. On the eve of trial, Plaintiff "drastically" reduced that demand to $1.2 million. Plaintiff would never drop its demand below seven figures, which is why this case never settled. This fact is significant in ruling on a fees motion and considering that the extent of the result obtained is zero relief against Viva and AEL. (Sina Decl., ¶ 5, Ex B.)

### IV. THEE FEES AND COSTS ARE NOT REASONABLE

The fees are reasonable. Plaintiff's counsel was involved in this case from the outset and incurred 428 hours at a blended rate of $425 per hour. The fees requested are two-thirds of the total amount incurred ($181,900), which is appropriate since only two of the three defendants are making a claim for fees. Taking a trademark case from inception to trial at less than $200,000 is by its very

nature reasonable fees.

## V.  CONCLUSION

For the forgoing reasons, the motion should be granted in its entirety.

DATED:  August 8, 2013          SINA LAW GROUP


                                By___/s/ Reza Sina_____
                                   REZA SINA
                                Attorneys for Defendants