1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ZOSMA VENTURES, INC.,        )    CV 12-1404 RSWL (FFMx)
                                   )
12                  Plaintiff,     )
                                   )    **ORDER re: Defendants'**
13        vs.                      )    **Application for**
                                   )    **Attorneys Fees and Costs**
14                                 )    **[157]**
                                   )
15   MOJDEH AMINI NAZARI, an       )
     individual and d.b.a.         )
16   PARSMED TRADING et al.,       )
                                   )
17   _____       )
                    Defendant.

18
19        Currently before the Court is Defendant Viva

20   Pharmaceutical, Inc. ("Viva") and Defendant American

21   Export Lines, Inc.'s ("AEL") Motion for Attorneys' Fees

22   [157].  The Court having reviewed all papers and

23   arguments submitted pertaining to this Motion, **NOW**

     **FINDS AND RULES AS FOLLOWS:**
24
          The Court hereby **DENIES** Defendants' Motion.
25
                         **I.  Background**
26
          This Action stems from a dispute between Plaintiff,
27
     Zosma Ventures, Inc. ("Plaintiff") and Defendants
28

                                1

Mojdeh Nazari ("Nazari"), Viva, and AEL (collectively, "Defendants").

Plaintiff is a Delaware corporation that is in the business of selling dietary and nutritional supplements, such as fish oil supplements, through its subsidiary company, Formulated Sciences, Inc., a California Corporation.  Plaintiff is the trademark holder of various Formulated Sciences trademarks ("Zosma Trademarks"), including the mark FORMULATED SCIENCES, that are at issue in this Action.

Defendant Nazari was previously the exclusive licensee of Plaintiff's products in the Middle East between 2003 and 2008.  In 2008, Defendant Nazari ceased communications with Plaintiff, reneged on a purchased order, and discontinued her rights to use Plaintiff's trademark.

In 2010, Plaintiff discovered that fish oil products bearing the Zosma Trademarks were being sold in Iran and suspected that Defendant Nazari was involved.

Plaintiff claims that Defendants operated a multinational counterfeiting scheme with its nerve center in Los Angeles involving fish oil products. Plaintiff alleges that Defendants Nazari and her partner utilized a manufacturer, Defendant Viva, located in British Columbia, to produce fish oil products that were labeled with Plaintiff's trademarks or marks confusingly similar to Plaintiff's trademarks.

Plaintiff alleges that once Defendant Viva manufactured the fish oil products, the goods were shipped to Iran through the United States by Defendant AEL.

Plaintiff brought this Action for trademark infringement against Defendants on February 17, 2012 [1].  This Action proceeded to trial and the jury returned a verdict for Plaintiff, finding Defendant Nazari, but not Defendants Viva and AEL, liable for $500,000 in statutory damages [137].  The Court entered judgment on July 23, 2013 [146].

## II.  Legal Standard

**A.  Exceptional Cases**

"The court in exceptional [trademark] cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).

The interpretation of what constitutes an "exceptional case" is a question of law.  Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003).

An action may be exceptional where plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith."  Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827 (9th Cir. 1997) (quoting Scott Fetzer Co. v. Williamson, 101 F.3d 549 (8th Cir. 1996)). However, the line separating "exceptional cases from non-exceptional cases is far from clear," especially where "the defendant prevails due to plaintiff's failure of proof." Secalt S.A. v. Wuxi Shenxi Constr.

1    Mach. Co., 668 F.3d 677, 687 (9th Cir. 2012).  At the
2    very least, "exceptional cases include instances where
3    plaintiff's case is frivolous or completely lacking in
4    merit."  Id. at 687-88.  In other words, "an action is
5    exceptional under the Lanham Act if the plaintiff has
6    no reasonable or legal basis to believe in success on
7    the merits."  Id. at 687.

8    **B.   <u>Reasonable Attorneys' Fees</u>**

9         When attorneys' fees are awarded, the amount of the
10   fee award is subject to the court's discretion.  <u>Twin
11   City Sportservice, Inc. v. Charles O. Finley & Co.</u>, 676
12   F.2d 1291, 1312-13 (9th Cir. 1982).  The Ninth Circuit
13   set forth the steps a district court should follow in
14   determining the amount of a fee award under the Lanham
15   Act in <u>Intel Corp. v. Terabyte Int'l, Inc.</u>, 6 F.3d 614
16   (9th Cir.1993):

17       When it sets a fee, the district court must
18       first determine the presumptive lodestar figure
19       by multiplying the number of hours reasonably
20       expended on the litigation by the reasonable
21       hourly rate.  Next, in appropriate cases, the
22       district court may adjust the "presumptively
23       reasonable" lodestar figure based upon the
24       factors listed in <u>Kerr v. Screen Extras Guild,
25       Inc.</u>, 526 F.2d 67, 69-70 (9th Cir. 1975), that
26       have not been subsumed in the lodestar
27       calculation.

28   Intel Corp., 6 F.3d at 622 (internal citation omitted);

4

Cairns v. Franklin Mint Co., 292 F.3d 1139, 1157 (9th Cir. 2002).

The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) time limitations imposed by the client or the circumstances, (7) the amount involved and the results obtained, (8) the experience, reputation, and ability of the attorneys, (9) the 'undesirability' of the case, (10) the nature and length of the professional relationship with the client, and (11) awards in similar cases. Kerr, 526 F.2d at 69-70.

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1985). Furthermore, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." Id. at 1210. Counsel must demonstrate that the time actually spent was reasonably necessary to the effective prosecution or defense of the claims. See Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 n.4 (9th Cir. 1984).

//

### III.  Analysis

**A.  <u>Timeliness of Filing</u>**

Under Local Rule 54-10, "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order".  The Local Rule is in accord with Federal Rule of Civil Procedure 54(d)(2)(B)(i), which provides that "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment".  "Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause.  <u>Petrone v. Veritas Software Corp. (<i>In re</i> Veritas Software Corp. Sec. Litig.)</u>, 496 F.3d 962, 972-73 (9th Cir. 2007).

The Court entered judgment against Defendant Nazari on July 23, 2013 [146].  Defendants' Motion was filed on August 10, 2013 [157].  In other words, Defendants' Motion was filed 18 days after the entry of judgment.

Defendants erroneously contend that their Motion was timely filed because the clerk has not yet served a copy of the opinion on all parties pursuant to Federal Rule of Appellate Procedure 36(b).  Reply 3:7-12.  As the Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals," such a procedure does not bind this Court.  Fed. R. App. P. 36(b).

1    Alternatively, Defendants maintain that even if
2   their Motion is untimely, any delay was due to
3   excusable neglect.   Reply 3:13-17.

4    Four factors are relevant for determining whether
5   neglect is excusable: (1) the danger of prejudice to
6   the opposing party; (2) the length of the delay; (3)
7   the reason for the delay; and (4) movant's good faith.
8   Petrone, 496 F.3d at 973.

9    Three factors weigh in favor of considering the
10  Defendants' Motion.   Plaintiff has not shown that it
11  was prejudiced by Defendants' late filing.   Defendants'
12  filing was just four days late.   And, finally, while
13  Defendants' reasons for the delay ultimately hinge on
14  an erroneous reading of Federal Rule fo Civil Procedure
15  54 and Federal Rule of Appellate Procedure 36,
16  Defendants do not appear to have delayed in bad faith.

17   Weighing against these three factors is defense
18  counsel's misreading of the Federal Rule of Civil
19  Procedure 54(d)(2)(B)(i) and Local Rule 54-10 and
20  defense counsel's misguided reliance on the Federal
21  Rules of Appellate Procedure.   "A lawyer's mistake of
22  law in reading a rule of procedure is not a compelling
23  excuse."   Pincay v. Andrews, 389 F.3d 853, 860 (9th
24  Cir. 2004).   Defendants' poor reason for their late
25  filing thus weighs against excusing Defendants' late
26  filing.

27   Though three factors weigh in favor of excusing
28  Defendants' late filing, the Court **DENIES** Defendants'

Motion as untimely filed because Defendants fail to present any compelling justification for their delay. Additionally, even if the Motion had been timely, the Court would still **DENY** the Motion on other grounds.

**B.  Plaintiff's Inclusion of Defendants Viva and AEL was not Exceptional**

An action may be exceptional where plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith." Stephen W. Boney, 127 F.3d at 827. In other words, "an action is exceptional under the Lanham Act if the plaintiff has no reasonable or legal basis to believe in success on the merits." Secalt, 668 F.3d at 687.

In Secalt, the Ninth Circuit affirmed the district court's finding of that the case was "exceptional." Id. at 689.  In that case, plaintiff continued to prosecute its claims for trade dress protection even after another district court denied its motion for preliminary injunction citing an "utter failure of evidence" to support the nonfunctionality of its design.  Id. at 688.  Moreover, plaintiff presented "at best . . . either unsupported or conclusory claims about the design" in opposition to a motion for summary judgment.  Id.  Even plaintiff's own witnesses testified to "the functional nature of the design." Id.  The court noted that if plaintiff had been "able to provide some legitimate evidence of nonfunctionality, this case would likely fall on the

1  unexpectional side of the dividing line." Id.

2      In contrast, in Applied Info. Scis. Corp. v. eBay,

3  Inc., 511 F.3d 966 (9th Cir. 2007), the Ninth Circuit

4  affirmed the district court's finding of

5  nonexceptionality.  In that case, plaintiff registered

6  a trademark, "Smartsearch," and was issued a

7  registration by the Patent and Trademark Office.  Id.

8  at 969-70.  In 2000, defendant began using "Smart

9  Search" as a link on its homepage.  Id. at 970.  The

10 court affirmed the district court's grant of summary

11 judgment because plaintiff failed to produce "any

12 admissible evidence tending to show a likelihood of

13 confusion, or address any of the Sleekcraft factors

14 required for a likelihood of confusion analysis."  Id.

15 at 973.  Despite this failure of proof, however, the

16 court affirmed the district court's finding that the

17 case was not exceptional, agreeing that "[defendant's]

18 case was not frivolous and that [defendant] raised

19 debatable issues."  Id.

20     Here, Plaintiff presented evidence implicating both

21 Defendant Viva's and Defendant AEL's involvement or

22 complicity in Defendant Nazari's infringement of the

23 Zosma Trademarks.

24     In particular, Plaintiff presented evidence that

25 Defendant Viva may have been marked "Made in the USA"

26 even though the fish oils were actually manufactured in

27 Canada.  Plaintiff also presented some purchase orders

28 showing that Defendant Nazari instructed Defendant Viva

to bottle fish oils using labels provided by her.
Additionally, Plaintiff presented a letter on what
appears to be Viva letterhead representing that
Formulated Sciences had changed to FormAlated Sciences.
In other words, Plaintiff presented some "legitimate
evidence" that Defendant Viva was both directly and
contributorily infringing on Plaintiff's trademarks.

Plaintiff also presented some "legitimate evidence"
that Defendant AEL contributorily infringed the Zosma
Trademarks.  Plaintiff presented a letter that gave
Defendant AEL power of attorney to sign documents on
behalf of one of Defendant Nazari's companies.  This
may suggest that Defendant AEL had knowledge of the
infringing nature of the counterfeit products.

Given the evidence presented by Plaintiff, the
Court finds that Plaintiff had a reasonable legal and
factual basis to believe in success on the merits.  As
such, the Court should hold that this case was not
"exceptional" as to the inclusion of Defendants Viva
and AEL.  Accordingly, the Court **DENIES** Defendants'
Motion.

**C.  Reasonable Attorneys' Fees**

Even assuming, *arguendo*, that Plaintiff's case
against Defendants Viva and AEL is exceptional, the
Court would nevertheless still deny the Motion because
defense counsel has failed to substantiate his request
for attorneys' fees.

"In determining reasonable hours, counsel bears the

burden of submitting detailed time records justifying the hours claimed to have been expended." <u>Chalmers</u>, 796 F.2d at 1210.  Moreover, counsel must demonstrate that the time actually spent was reasonably necessary to the effective prosecution or defense of the claims. <u>See</u> <u>Sealy</u>, 743 F.2d at 1385 n.4.  In fact, it is an abuse of discretion for a court to award fees for hours not properly documented.  <u>Stewart v. Gates</u>, 987 F.2d 1450, 1453 (9th Cir. 1993).

Here, defense counsel has submitted no documentation whatsoever justifying the hours claimed to have been expended defending this action.  Defense counsel has failed to submit this documentation even after Plaintiff's Opposition properly stated that the burden of substantiating the claimed hours lies with defense counsel.  Accordingly, the Court **DENIES** Defendants' Motion for Attorneys' Fees.

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion for Attorneys Fees is **DENIED**.


**IT IS SO ORDERED.**

DATED: September 23, 2013.


RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

11